United States District Court
Southern District of Texas
**ENTERED**
July 17, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Zicri Joel Flores, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-2699 |
| | § | |
| Todd M. Lyons, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Zicri Joel Flores is a native and citizen of Nicaragua who is charged with unlawfully entering the United States in 2023. Doc 7-1. After the Department of Homeland Security terminated its categorial parole program for Nicaraguans, DHS detained Petitioner pursuant to 8 U.S.C. § 1225(b)(2), and he remains in the custody of Respondent, Warden of the Joe Corley Detention Center, in Conroe, Texas. Docs. 1 at 6, 9 at 3, 9-2 at 3. An immigration judge has since ordered Petitioner removed from the country, but Petitioner appealed that decision to the Board of Immigration Appeals. Docs. 7-5, 7-6. The appeal remains pending. *Id.* Petitioner seeks a writ of *habeas corpus* under 28 U.S.C. § 2241 on the grounds that his present detention without a bond hearing violates (i) substantive due process; (ii) procedural due process; and (iii) the *Accardi* Doctrine (on the grounds that he was impermissibly arrested without a warrant or existing removal order).[1]

---

[1] The Petition does not specify whether Petitioner argues his detention without a bond hearing violates substantive or procedural due process. *See* Doc. 1 at 7. The Court assumes that Petitioner intends to raise due both due process challenges.

Now before the Court is Respondent's Motion for Summary Judgment, Doc. 9, to which Petitioner has responded in opposition, Doc. 10. Respondents maintain that Petitioner is not entitled to a bond hearing because he is an "applicant for admission" under 8 U.S.C. § 1225(b)(2)(A) and is therefore subject to mandatory detention during his removal proceedings. *See* Doc. 9 at 4; *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

This Court has previously resolved the precise challenges raised by Petitioner, determining that the government may subject aliens awaiting a final removal order to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Campos Bernal v. Frink*, 4:26-cv-2239, 2026 WL 1804234 (S.D. Tex. June 23, 2026). The Court held that for aliens such as Petitioner, pre-removal-order detention is both demanded by the Immigration and Nationality Act and a constitutionally permissible part of the removal process. *See id.* at *1, *4 (citing *Demore v. Kim*, 538 U.S. 510, 531 (2003)).

As such, Respondent's Motion for Summary Judgment is GRANTED, and the Petition for writ of *habeas corpus* is DENIED. This action is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to CLOSE this case. A final judgment will be entered separately.

**SO ORDERED.**

2

**SIGNED** at Houston, Texas, on the 17th of July, 2026.

_____
Nicholas J. Ganjei
United States District Judge